**IN THE UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KATIE TIMBROOK | : | Case No. |
| 12430 Archbold Whitehouse Rd. | | |
| Whitehouse, Ohio 43617 | : | Judge |
| | | |
| AMY MANN | : | |
| 3555 Maxwell | | **COMPLAINT** |
| Toledo, Ohio 43606 | : | With Class and Collective Action Allegation |
| | | |
| STEPPER TOTH | : | Jury Demand |
| 7568 Timbers Boulevard | | |
| Waterville, Ohio 43566 | : | |
| | | |
| BETH TREUHAFT | : | |
| 6628 Kingsbridge | | |
| Sylvania, Ohio 43560 | : | |
| | | |
| Plaintiffs, | : | |
| v. | | |
| | : | |
| RICK'S CITY DINER, LLC | | |
| c/o statutory agent Richard M. Salem | : | |
| 2928 Glaston Oaks Ct. | | |
| Toledo, Ohio 44617 | : | |
| | | |
| RICK'S CITY DINER 2, LLC | : | |
| c/o statutory agent Richard M. Salem | | |
| 2928 Glaston Oaks Ct. | : | |
| Toledo, Ohio 44617 | | |
| | : | |
| and | | |
| | : | |
| RICHARD M. SALEM | | |
| 2928 Glaston Oaks Ct. | : | |
| Toledo, Ohio 44617 | | |
| | : | |
| Defendants. | | |
| | : | |

## INTRODUCTION

1.      Named Plaintiffs Timbrook and Mann bring this action on behalf of themselves and others similarly situated to recover for the underpayment of wages and tips from their work as servers and other hourly positions at "Rick City Diner", a breakfast and lunch establishment located at 5333 Monroe St. in Toledo, OH.

2.      In addition, on an individual basis, Plaintiffs Timbrook, Mann, Treuhaft and Toth seek to recover for a pattern of sexual harassment and hostile treatment on the basis of their gender.  Owner Richard M. Salem systematically subjected his almost exclusively female customer-facing employees to a pattern of degrading and unwelcome treatment for his own gratification and amusement.

## PARTIES

3.      Plaintiff Katie Timbrook is an individual residing in Whitehouse, Lucas County County, Ohio.

4.      Plaintiff Amy Mann is an individual residing in Toledo, Lucas County, Ohio.

5.      Plaintiff Stepper Toth is an individual residing in Waterville, Lucas County, Ohio.

6.      Plaintiff Beth Treuhaft is an individual residing in Sylvania, Lucas County, Ohio.

7.      Defendant Rick's City Diner, LLC, Ohio Entity Number 1932275, is a Limited Liability Company organized under the law of the State of Ohio with its principal place of business in Toledo, Lucas County, Ohio.

8.      Defendant Rick's City Diner 2, LLC, Ohio Entity Number 2176064, is a Limited Liability Company organized under the law of the State of Ohio with its principal place of business in Toledo, Lucas County, Ohio.

9.    Defendant Richard M. Salem is an individual residing in Toledo, Lucas County, Ohio.

## JURISDICTION AND VENUE

10.    This Court has personal jurisdiction over all Defendants who are citizens and residents of Ohio.

11.    Plaintiffs bring Count One, a collective action to recover overtime pay, minimum wages owed and other relief pursuant to the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 201, *et seq*.  This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as they arise under the laws of the United States.

12.    With respect to Plaintiffs' additional claims asserted under Ohio statutory and common law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as they form part of the same case or controversy.  As set forth below, these claims arise from the same employment relationship, involve substantially the same parties and witnesses and flow from the same common nucleus of operative fact.

13.    Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(1) as each Defendant either resides or maintains a principal place of business here.

14.    This case arises from employment relationships at a restaurant in Toledo, Lucas County, Ohio, which is located in this judicial district and division.  Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2)  as a substantial part of the events giving rise to this action occurred here.

## COMMON FACTUAL ALLEGATIONS
### Sexual Harassment and Gender Discrimination

15.    Plaintiffs repeat and incorporate herein all previously pleaded averments.

16.     Defendants collectively operate a restaurant known as "Rick's City Diner" located on Monroe Street in Toledo.

17.     Defendant Salem is the primary operator of the restaurant and is responsible for managing its day-to-day operations.

18.     Upon information and belief, Salem is also a member of each of the LLC defendants.

19.     Rick's City Diner serves traditional diner fare and is open for breakfast and lunch, between approximately 6 A.M. and 3 P.M each day.

20.     For many years, Defendants have consistently hired young women between the ages of approximately eighteen and twenty-eight to be servers, hostesses and other "front-of-the-house" positions responsible for interacting with the public.  The vast majority of these women are physically attractive.

21.     As set forth below, Salem (aged approximately seventy) regularly makes graphic sexual comments to the wait staff, including demands to engage in sexual activity, graphic discussions of sexual activity, encouraging employees to wear more revealing clothing and degrading comments about the employees' spouses or boyfriends.

22.     Salem consistently gropes and touches the female employees in an unwelcome manner.  Such unwanted conduct often occurred in the office maintained by Salem at Rick's City Diner where employees were forced to sit on his lap and experience the groping, comments and unwanted touching referred to above.

23.     In some instances described below, Salem has instructed employees to accompany him to locations away from the restaurant, including his home, supposedly for the purpose of running errands related to the business.  In fact, Salem used the opportunity to make

4

additional unwelcome sexual advances, make sexually explicit comments and to grope and touch them in an inappropriate and sexually suggestive way.  Servers and other front-of-the house staff at restaurants such as Rick's City Diner depend largely on tips from customers.  The amount of these tips, in turn, depends on the particular shifts, stations and hours that an employee is scheduled to work.  Variances in scheduled shifts can lead to significant differences in an employee's income.

24.     At Rick's City Diner, Salem has exclusive control over making the schedules for severs and other staff.  Salam consistently provided more lucrative shift assignments to women who were tolerant of his sexualized behavior as described above.  Conversely, Salem retaliated against women who resisted or expressed objection to his behavior by assigning them fewer and less lucrative shifts.

## COMMON FACTUAL ALLEGATIONS
## Underpayment of Wages

25.     Plaintiffs repeat and incorporate herein all previously pleaded averments.

26.     Customers at Rick's City Diner were required to pay their checks at a cash register at the front of restaurant.  Customers desiring to leave a tip had three options for doing so.

    a. First, customers could leave a cash tip on their table.  These tips are collected and retained by the server;

    b. Second, customers could leave their cash tip with the employee operating the register, which are deposited in a series of cups with each server's name on them; and

c.  Third, in addition to cash tips, customers paying by credit card are provided the option to add a tip onto their credit card authorization.  These tips would then be entered by the cashier into the computer system.

27.  At the end of each shift, Salem runs a report from the computer system to determine the amount of tips owed each server.  Salem describes this process to the employees as "reconciliation" of the tips.

28.  While running the report described above, Salem systematically adjusts employee time and tip amounts.  Salem does not distribute the entire amount of the credit card tips left by customers to the employees.  Instead, Salem keeps a random amount for Defendants.

29.  Salem never permits other employee to see this computerized report or the underlying credit card receipts, either before or after he "reconciles" the tip amounts.  Salem does this specifically to conceal his conversion of tips.

30.  In addition, Plaintiffs and other employees occasionally have access to the cash tip cups near the register as described in Paragraph 27.b during the course of their shift.  At the end of their shift, Plaintiffs have frequently received considerably less from these cups than they observed during their shift.  Upon information and belief, Salem is converting tips from these sources as well.

31.  Defendants operate a computerized clock-in and clock-out system in which employees enter a code in a computer system at the start and the end of their shift.  This system automatically records hours.

32.  However, the computerized time keeping system can be manually overridden by Salem, who can adjust or modify the time automatically entered into the system by the employees when clocking-in and clocking-out.

6

33.     Allegedly in order to allow sufficient time to "reconcile" the credit card tips as described above, Salem routinely instructs front-of-the-house employees to clock out when the restaurant closed to customers at 3 P.M.

34.     After being instructed to clock out, the front-of-the-house employees are routinely required to continue to work for approximately one-half hour to one hour after 3 P.M. cleaning and securing the restaurant at the end of the day.  Employees received no compensation for this period of work.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiffs repeat and incorporate herein all previously pleaded averments.

36.     With respect to Count One, Plaintiffs Timbrook and Mann bring this action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b).   The proposed Collective Class for the FLSA claim is defined as follows:

> All hourly employees of Rick's City Diner who, during the applicable statute of limitations period, have either: 1) been paid less than the statutory minimum wage because Defendants claimed a "tip credit" pursuant to 29 U.S.C. § 203(m); and/or 2) have worked been required to "clock out" and continue performing cleaning duties.

37.     Plaintiffs have consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b).   Signed consent forms executed by Timbrook and Mann will be filed contemporaneously with this complaint.  As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

38.     Plaintiffs and members of the Collective Class are similarly situated as defined by 29 U.S.C. § 216 because they worked at the same restaurant and have been deprived of minimum and overtime pay in approximately the same manner.

39.     Thus, the resolution of a handful of common questions will materially advance the litigation with respect to all members of the Collective Class: whether Salem is converting cash and credit card tips in the manner described above; whether Defendants are entitled to offset the minimum wage due to a tip credit pursuant to 29 U.S.C. § 203(m); and whether Salem requires employees to perform off-the-clock work as described above.

## CLASS ACTION ALLEGATIONS

40.     Plaintiffs repeat and incorporate herein all previously pleaded averments.

41.     With respect to Counts Two through Five, Plaintiffs Timbrook and Mann bring this action pursuant to Fed.R.Civ.P. 23 on behalf of as State Law Class defined as follows:

> All hourly employees of Rick's City Diner who, during the applicable statute of limitations period, have either: 1) been paid less than the statutory minimum wage because Defendants claimed a "tip credit" pursuant to 29 U.S.C. § 203(m); and/or 2) have been required to "clock out" and continue performing cleaning duties.

42.     The members of the State Law Class are so numerous that joinder is impracticable.  Plaintiffs estimate that there are as many as 100 individuals have worked as front-of-the-house employees at Rick's City Diner during the previous 6 years.

43.     The members of the State Law Class can be identified through the payroll and attendance records of Defendants, which are exclusively in the possession of the Defendants.

44.     There are common questions of law and fact affecting all members of the State Law Class, including:

> a.  Whether Salem is converting cash and credit card tips in the manner described above;
>
> b.  Whether Defendants are entitled to offset the minimum wage due to a tip credit pursuant to 29 U.S.C. § 203(m) and Ohio law;

     c.  Whether Salem requires employees to perform off-the-clock work as described above;

     d.  Whether Defendants have complied with Ohio wage and hour law as described below; and

     e.  Whether Defendants have been unjustly enriched at the expense of Plaintiffs.

45.    The Named Plaintiffs' claims are typical of the claims of members of the State Law Class. Like all members of the State Law class, Named Plaintiffs worked at Rick's City Diner and were deprived of wages as described above.

46.    The representative parties will fairly and adequately represent the interests of the members of the Class.

47.    Both Plaintiffs and their counsel meet the adequacy requirement of Fed.R.Civ.P. 23.

48.    The Plaintiffs' interests are not antagonistic to the other members of the State Law Class and are, in fact, similarly situated with respect to Defendants. The interests of the Plaintiffs in this matter are identical to those of the members of the State Law Class.

49.    The Plaintiffs' legal counsel has a time-honored reputation for competency, experience and skill in handling complex litigation, including class actions. Their counsel's ability to skillfully litigate cases such as the present case is well-documented. The Plaintiffs' counsel has and will continue to dedicate high levels of skill and dedication to the vigorous prosecution of this class action litigation.

50.    A class action is a superior method to other methods of resolution. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

51.     The expense and burden of individual litigation are impediments to individual State Law Class members seeking redress for the wrongful conduct alleged.

52.     Further, prosecution of separate actions against Defendants would create the risk of inconsistent or varying adjudications with respect to individual members of the State Law Class and would establish incompatible standards of conduct regarding payment of wages, salary and reimbursement as set forth above.

53.     The current action is maintainable under Fed.R.Civ.P. 23(b)(2) and 23(b)(3) standards.

54.     This class action is maintainable under Fed.R.Civ.P. 23(b)(2) because Defendants have consistently failed to pay wages, salary and reimbursement as set forth above.  Injunctive and declaratory relief is appropriate to determine Defendants obligations for these amounts, both in the past and prospectively.

55.     If each individual member of each State Law Class was required to bring a separate action, there is a substantial risk that the numerous outcomes may establish incompatible standards.

56.     This action is maintainable under Fed.R.Civ.P. 23(b)(3) because common questions of law or fact, as outlined above, predominate over any question affecting only individual members, which focus almost exclusively on damages in the form of the amount owed for back wages, salary and other compensation.

57.     A class action is a superior method to other mechanisms available.  The amount in controversy with respect to each individual class member is relatively modest and the prosecution of separate actions is comparatively costly.

## COUNT I
## Violation of the Fair Labor Standards Act
## Brought by Plaintiffs Timbrook and Mann on behalf of the Collective Class

58.     Plaintiffs repeat and incorporate herein all previously pleaded averments.

59.     At all times material herein, named Plaintiffs and members of the Collective Class have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

60.     The FLSA regulates, among other things, the minimum wage requirements and payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. §§ 206; 207(a)(1).

61.     Defendants were, and are, subject to the minimum wage and overtime pay requirements of the FLSA because they are, both individually and collectively, an enterprise engaged in commerce and their employees are engaged in commerce and neither Defendants nor the Named Plaintiffs and members of the Collective Class are subject to an exemption of the FLSA.

62.     As set forth above, Plaintiffs and members of the Collective Class were regularly required to "clock-out" when Rick's City Diner closed to customers at approximately 3 P.M.

63.     Many front-of-the house employees at Rick's City Diner, particularly those responsible for closing the restaurant at the end of the shift, regularly work over forty hours per week.  Thus, Plaintiffs and members of the Collective Class have been deprived of overtime wages in violation of 29 U.S.C. § 207.

64.     As set forth above, Plaintiffs Timbrook and Mann have been required to clock-out and continue to work every time that they worked until the restaurant closed for the day.

65.     In addition to overtime, the FLSA requires that all employers pay the minimum wage as defined by the FLSA at 29 U.S.C. § 206(a).

66.     Defendants paid servers such as Timbrook and Mann approximately $2.15 per hour in wages and sought to count tips earned from customers to make of the difference in the mandatory minimum wage.

67.     Defendants are not entitled to a "tip-credit" pursuant to 29 U.S.C. § 203(m)(2) and 29 C.F.R. § 531.50, *et seq.,* because, among other reasons:

    a.  As set forth above, Salem converted a substantial portion of monies given by customers as tips; and

    b.  Defendants failed to inform their employees of the provisions of 29 U.S.C. § 203(m), including Defendants' obligation to ensure that "all tips received by such employee have been retained by the employee."

68.     Plaintiffs and members of the collective class are therefore owed the entire statutory minimum wage, without any offset for tips, for the entire statute of limitations period.

69.     Because Defendants have acted willfully, including the conversion of funds intended for Plaintiffs and members of the Collective Class, they are entitled to recover unpaid minimum and overtime wages for a period of three years pursuant to the FLSA at 29 U.S.C. § 255(a)

70.     Pursuant to the FLSA at 29 U.S.C. § 216, Named Plaintiffs and members of the Collective Class are entitled to recover unpaid minimum wages and unpaid overtime compensation plus an additional equal amount as liquidated damages, as well as prejudgment interest.

71.     In addition, pursuant to 29 U.S.C. §216(b), the Plaintiffs and members of the Collective Class are also entitled to an award of reasonable attorney's fees and costs incurred in pursuing this action.

**COUNT II**
**Violation of Ohio Overtime and Minimum Wage Law**
**Brought by Plaintiffs Timbrook and Mann on behalf of the State Law Class**

72.     Plaintiffs repeat and incorporate herein all previously pleaded averments.

73.     The Ohio Minimum Fair Wage Standards law, O.R.C. § 4111.01, *et seq*, requires that an employer such as Defendants, pay minimum wage (O.R.C. § 4111.02) and overtime (O.R.C. § 4111.03) compensation to all non-exempt employees.

74.     As set forth above, Defendants have failed to pay minimum wage and overtime compensation for hours worked.

75.     Moreover, Defendants are not entitled to offset their minimum wage obligations by amounts received as tips for the reasons set forth above.

76.     Plaintiffs and members of the State Law Class will seek the amount of the underpayments pursuant to O.R.C. §§ 4111.02 and 4111.03.  Plaintiffs and members of the State Law Class will seek attorney's fees, costs, "damages," expenses and other relief pursuant to O.R.C. §§ 4111.10, 4111.14, Section 34a of Article II of the Ohio Constitution, and other applicable Ohio law.

**COUNT III**
**Nonpayment of Wages**
**Brought by Plaintiffs Timbrook and Mann on behalf of the State Law Class**

77.     Plaintiffs repeat and incorporate herein all previously pleaded averments.

78.     Pursuant to O.R.C. § 4113.15, Defendants are required to make timely semimonthly payment of wages for all hours worked.

13

79.     As set forth above, Defendants have failed to timely pay all wages owed to Plaintiffs and members of the State Law Class.

80.     Defendants have no justification for its failure to make timely payments of wages and "no contest court order or dispute" exists regarding these wages.  As a result, Plaintiffs and members of the State Law class are also entitled to recover "six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater." O.R.C. § 4113.15(B).

## COUNT IV
### Unjust Enrichment
### Brought by Plaintiffs Timbrook and Mann on behalf of the State Law Class

81.     Plaintiffs repeat and incorporate herein all previously pleaded averments.

82.     Through their labor, Plaintiffs and members of the State Law Class have furnished a benefit to Defendants.

83.     Defendants were aware of, and appreciated the benefit of this labor, but did not pay Plaintiffs and members of the State Law Class for all hours work or for all overtime hours as required by law or allow them to retain the tips that they earned.

84.     Under the circumstances described herein, it would be inequitable for Defendants to retain the benefit of labor by Plaintiffs and members of the State Law Class without compensation.

85.     Defendants thereby have been unjustly enriched by the benefit conferred by Plaintiffs members of the Sate Law Class.

## COUNT V
### Conversion
### Brought by Plaintiffs Timbrook and Mann on behalf of the State Law Class

86.     Plaintiffs repeat and incorporate herein all previously pleaded averments.

14

87.     Through their labor, Plaintiffs and members of the State Law Class have furnished a benefit to Defendants.

88.     Defendants were aware of, and appreciated the benefit of this labor, but did not pay Plaintiffs and members of the State Law Class for all hours work or for all overtime hours as required by law.

89.     Plaintiffs bring Count V on behalf of themselves and members of the State Law Class to recover the tips converted by Defendant.

**COUNT VI**
**Sexual harassment and Gender Discrimination**
**Brought by Plaintiff Timbrook Individually**

90.     Plaintiffs repeat and incorporate herein all previously pleaded averments.

91.     Plaintiff Timbrook has been subject to unlawful sexual harassment and gender discrimination in violation of O.R.C. § 4112.02(A) as further defined by O.A.C. § 4112-5-05(J) and other Ohio law.

92.     In addition to the pervasive conduct described in Paragraphs 15-24 above, Timbrook was individually subjected to serious and ongoing misconduct by Salem.  Timbrook was routinely subjected to unwanted touching by Defendant Salem wherein he would reach his hand under her skirt and fondle her private parts, fondle her breasts, require her to blow cigarette smoke into his face or his mouth, stick his tongue into her mouth and have her exchange alcohol to and from her mouth to his.  Salem promised Plaintiff Timbrook that since he was planning to open a second location of Rick's City Diner, she would have managerial status at this future facility, all as a means to compel her compliance with his unwanted sexual advances.  In fact there never was a viable plan to open a second location and Salem used this false promise as a ruse to compel Timbrook's submission to his advances.

15

93.     Timbrook did not encourage Salem to continue this behavior in any way.  In fact, Timbrook consistently sought to avoid situations in which Salem would be able to engage in his offensive conduct.

94.     As set forth above, Salem targeted of Timbrook and the other individual employees based on their gender for unwelcome treatment for purposes of his own gratification and amusement.

95.      Salem's harassing conduct was sufficiently severe or pervasive to affect Timbrook's terms, conditions, or privileges of employment.  In addition the general conduct described above, Salem utilized the promise of a future management position to compel Timbrook's compliance with his unwanted sexual advances.

96.     As s result of Salem's harassing conduct as described above, Timbrook has suffered damages and loss, including but not limited to, lost income and benefits and severe humiliation and mental anguish.  Timbrook brings Count VI individually to recover any and all legal and equitable relief available under Ohio Revised Code Chapter 4112, including but not limited to: reinstatement, an award of back pay, an award of front pay, an award of compensatory and consequential damages, an award of punitive and liquidated damages, including emotional distress, costs and reasonable attorneys' fees.

## COUNT VII
### Sexual harassment and Gender Discrimination
### Brought by Plaintiff Toth Individually

97.     Plaintiffs repeat and incorporate herein all previously pleaded averments.

98.     Plaintiff Toth has been subject to unlawful sexual harassment and gender discrimination in violation of O.R.C. § 4112.02(A) as further defined by O.A.C. § 4112-5-05(J) and other Ohio law.

16

99.     In addition to the pervasive conduct described in Paragraphs 15-24 above, Toth was individually subjected to serious misconduct by Salem.  Toth began working at Defendant's restaurant in June, 2015, and claiming that she had to leave the restaurant with him to run errands, Salem used that explanation as a ruse to take Plaintiff Toth to his personal residence. Once there, he had her sit in a recently delivered reclining chair, had her recline and sat across from her where he could peer between her legs given that she was wearing the mandated dress required of all employees.

100.    Toth did not encourage Salem to continue this behavior in any way.  In fact, Toth sought to avoid situations in which Salem would be able to engage in his offensive conduct and left Defendants' employment on the day Salem lured her to his home in the manner described in preceding paragraph.

101.    As set forth above, Salem targeted of Toth and the other individual employees based on their gender for unwelcome treatment for purposes of his own gratification and amusement.

102.    Salem's harassing conduct was sufficiently severe or pervasive to affect Toth's terms, conditions, or privileges of employment.  In addition the general conduct described above, Toth was compelled to leave Defendant's employ after the incident described above.

103.    As s result of Salem's harassing conduct as described above, Toth has suffered damages and loss, including but not limited to, lost income and benefits and severe humiliation and mental anguish.  Toth brings Count VII individually to recover any and all legal and equitable relief available under Ohio Revised Code Chapter 4112, including but not limited to: reinstatement, an award of back pay, an award of front pay, an award of compensatory and

17

consequential damages, an award of punitive and liquidated damages, including emotional distress, costs and reasonable attorneys' fees.

## COUNT VIII
## Sexual harassment and Gender Discrimination
## Brought by Plaintiff Mann Individually

104.    Plaintiffs repeat and incorporate herein all previously pleaded averments.

105.    Plaintiff Mann has been subject to unlawful sexual harassment and gender discrimination in violation of O.R.C. § 4112.02(A) as further defined by O.A.C. § 4112-5-05(J) and other Ohio law.

106.    In addition to the pervasive conduct described in Paragraphs 15-24 above, Mann was individually subjected to serious and ongoing misconduct by Salem.  Mann was subjected to unwanted physical touching by Salem, including having her hand placed into his groin area by Salem asking her what she felt.  Salem compelled this unwanted conduct with promises of an hourly rate position doing inventory, bookkeeping and payroll in the office.  The promises of this hourly position never materialized and Plaintiff Mann never held a position other than that as a server.

107.    Mann did not encourage Salem to continue this behavior in any way.  In fact, Mann consistently sought to avoid situations in which Salem would be able to engage in his offensive conduct.

108.    As set forth above, Salem targeted of Mann and the other individual employees based on their gender for unwelcome treatment for purposes of his own gratification and amusement.

109.    Salem's harassing conduct was sufficiently severe or pervasive to affect Timbrook's terms, conditions, or privileges of employment.  In addition the general conduct

described above, Salem utilized the promise of a future management position to compel Timbrook's compliance with his unwanted sexual advances.

110.    As s result of Salem's harassing conduct as described above, Mann has suffered damages and loss, including but not limited to, lost income and benefits and severe humiliation and mental anguish.  Toth brings Count VIII individually to recover any and all legal and equitable relief available under Ohio Revised Code Chapter 4112, including but not limited to: reinstatement, an award of back pay, an award of front pay, an award of compensatory and consequential damages, an award of punitive and liquidated damages, including emotional distress, costs and reasonable attorneys' fees.

**COUNT IX**
**Retaliatory Discharge Claim**
**Brought by Plaintiff Treuhaft Individually**

111.    Plaintiffs repeat and incorporate herein all previously pleaded averments.

112.    Plaintiff Treuhaft was employed as a manager of Rick's City Diner having general business duty responsibility.

113.    Plaintiff Treuhaft became aware of a number of complaints made by waitresses, including Plaintiffs Timbrook and Mann, subsequent to which she went to Don Harbaugh, who she believed was an active owner of the business with Defendant Salem and was therefore in a position to enforce nominal proscriptions against sexual harassment in the workplace.

114.    Upon informing Don Harbaugh of the complaints by various wait staff including Plaintiffs Timbrook and Mann against Defendant Salem, she was summarily discharged in retaliation for reporting Salem's unwanted sexual advances against the wait staff.

115.    The report of Plaintiff Treuhaft is protected activity within the meaning of Ohio Revised Code Section 411.02(J).

116.    To the extent that Salem or the Defendants offer a non-retaliatory reason for Treuhaft's termination, such reason is merely pretext.

117.    Plaintiff Treuhaft brings Count IX to recover any and all legal and equitable relief available under Ohio Revised Code Chapter 4112, including but not limited to: reinstatement, an award of back pay, an award of front pay, an award of compensatory and consequential damages, including emotional distress, costs and reasonable attorneys' fees.

**WHEREFORE** Plaintiffs Timbrook and Mann, on behalf of themselves and others similarly situated, demand judgment against Defendants Rick's City Diner, LLC, Rick's City Diner 2, LLC and Richard M. Salem, jointly and severally, in an amount to be determined by a jury and further demand judgment as follows:

   a.  That the Court, as soon as practicable, order that notice be to members of the Collective Class defined herein advising them of their right to opt-in to this litigation;

   b.  For judgment in the amount equal to Plaintiffs hourly rate and overtime rate as required by the FLSA, to be doubled pursuant to 29 U.S.C. § 216(b), together with prejudgment interest, attorneys' fees, costs and whatever additional legal and equitable relief may be available under the FLSA;

   c.  For an order certifying the State Law Class as defined herein and appointing the undersigned counsel to represent it;

   d.  For damages in the amount the value of the unpaid regular and overtime hours, punitive and exemplary damages, attorneys' fees, costs, statutory liquidated damages, interest and whatever additional relief may be available to the State Law Class in law and equity;

    e.  For injunctive and declaratory relief that Defendants must prospectively compensate employees according to law; and

In addition, on an individual basis, Plaintiffs Timbrook, Toth, Mann and Treuhaft pray that judgment be entered in their favor against Defendants Rick's City Diner, LLC, Rick's City Diner 2, LLC and Richard M. Salem, jointly and severally,  for an amount to be determined by a jury, but well in excess of $25,000.  These Plaintiffs further seek  to recover any and all legal and equitable relief available under Ohio Revised Code Chapter 4112, including but not limited to: reinstatement, an award of back pay, an award of front pay, an award of compensatory and consequential damages, an award of punitive and liquidated damages, including emotional distress, costs and reasonable attorneys' fees.

Plaintiff further seek whatever additional legal and equitable relief the Court may find just under the circumstances.

**Dated: December 15, 2015**

                                                   Respectfully Submitted,

                                                   */s/ John T. Murray*

                                                   John T. Murray (0008793)
                                                 Direct Dial: (419) 624-3125
                                                 jotm@murrayandmurray.com
                                                 Leslie O. Murray (0081496)
                                                 Direct Dial: (419) 624-3010
                                                 leslie@murrayandmurray.com
                                                 Michael Stewart (0082257)
                                                 Direct Dial: (419) 626-7008
                                                 mjs@murrayandmurray.com
                                                 **MURRAY & MURRAY CO., L.P.A.**
                                                 111 East Shoreline Drive
                                                 Sandusky, Ohio  44870-2517
                                                 Telephone: (419) 624-3000
                                                 Facsimile:  (419) 624-0707

David W. Goldense (0015448)
dwgoldense@aol.com
Telephone No. (216) 241-0300
David W. Goldense Co. LPA
50 Public Square, Suite 920
Cleveland, Ohio 44113-2207

*Attorneys for Plaintiffs*


## JURY DEMAND

Plaintiffs hereby demand trial by jury as to the issue of damages sustained.

*/s/ John T. Murray*
John T. Murray (0008793)
**MURRAY & MURRAY CO., L.P.A.**

*Attorney for Plaintiffs*